UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

J.C. *and* K.C., *Minor Child, by and through*
*STEVE MILLA, Guardian Ad Litem of K.C.*,

                     Plaintiffs,

     v.

STATE OF OREGON, *by and through its*
*Department of Human Services*, SHIRLEY
VOLLMULLER, *in her individual capacity*,
JOHN P. MOSSER, *in his individual*
*capacity*, KATHLEEN MCLAIN, *in her*
*individual capacity*, and MARGARET
STEINER, *in her individual capacity*,

                     Defendants.

Case No. 3:19-cv-01739-AR

**OPINION AND ORDER**

_____

**ARMISTEAD, United States Magistrate Judge**

      Plaintiffs J.C. and K.C. (through her guardian *ad litem*) bring this action against the

Oregon Department of Human Services (DHS) and four DHS employees. While J.C. and K.C.

were in foster care, another foster child, with a history of physically and sexually abusing

younger children, was placed in the same home as them. That child sexually abused J.C. and

K.C., then seven and five years old, during the two-month period that he lived in their foster home. J.C. and K.C. bring strict liability claims under ORS § 30.297, as well as claims for negligence, abuse of a vulnerable person under ORS § 124.100, and deprivation of civil rights under 42 U.S.C. § 1983. (Fourth Am. Compl. (Compl.), ECF 133.)

Now before the court is K.C.'s unopposed motion for approval of the settlement reached between her and defendants (ECF 157). For the reasons explained below, K.C.'s motion is GRANTED.[1]

## LEGAL STANDARD

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).

The Ninth Circuit has instructed that, in cases "involving the settlement of a minor's federal claims," district courts must "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82 &

---

[1]    The court understands K.C.'s motion to be nondispositive and thus fall under 28 U.S.C. § 636(b)(1)(A). Any party who disagrees may, in a timely objection, seek *de novo* review by the district judge.

fn.2. The court should not consider the proportion of the total settlement that is allocated to adult co-plaintiffs or to plaintiffs' counsel. *Id.* at 1182. "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.* at 1182.[2]

## DISCUSSION

**A.    *Settlement Distribution to K.C.***

The proposed settlement provides a net distribution to K.C. of $961,210.89. Of that amount, $320,279.36 is to be paid to Metropolitan Tower Life Insurance Company to fund an annuity for K.C.'s future benefit. The remaining $640,931.53 is to be placed in a trust for the benefit of K.C. That trust will be under the supervision of a state court until K.C. becomes an adult. (Lamborn Decl. ¶ 36, ECF 157-1; K.C. Trust, ECF 158-2.)

**B.    *Fairness to K.C.***

K.C. alleges that, during a two-month period, the male child that DHS placed in her foster home abused her sexually, physically, and mentally by:

---

[2]    Local Rule 17(d) calls for court review of the settlement of a protected person's claims, including

> analysis and approval of the proposed disposition of the gross settlement proceeds or property, including but not limited to approval of the reasonableness of proposed attorney fees, fiduciary fees, costs, expenses, lien resolutions, and structuring of a portion or all of the net settlement proceeds.

The court adheres to the Ninth Circuit's instructions in considering only the reasonableness of the net distribution to K.C. The court notes, however, that consideration of the other factors outlined in Local Rule 17(d) would not alter the court's conclusion. The proposed attorney fees and costs are reasonable, considering the length and complexity of this case and the need to retain experts. The structuring of the distribution to K.C. is also reasonable and in K.C.'s best interest.

- digital penetration;
- fondling her vagina and buttocks more than twenty times;
- masturbating in front of K.C. multiple times;
- locking her in a room when sexually abusing her; and
- sexually assaulting K.C.'s sister, J.C., in front of K.C. on multiple occasions.

(Compl. ¶¶ 15, 58.)

Those allegations are severe. And, as the Lamborn Declaration notes, K.C. has a strong case in terms of establishing liability. (Lamborn Decl. ¶ 32.) However, there is limited evidence of damages. Both J.C. and K.C. "perform well in school, have normal social lives, and are on their way to becoming fully functioning adults." (*Id.* ¶ 33.) Accordingly, "[e]vidence of damages in this case would have come from expert testimony in regard to expectations of how victims of abuse manifest trauma throughout their lives." (*Id.* ¶ 32.) Defendants filed their own expert report, making the outcome on damages following trial uncertain. Settlement allows K.C. to avoid both that uncertainty and the mental and emotional burdens of trial.

The proposed net distribution of nearly $1 million to K.C. compares favorably to settlements and jury verdicts reached in cases with similar allegations. In *Estate of Townsend v. State of Oregon*, 3:23-cv-00846-HZ (D. Or.), the parties reached a total settlement of $1.5 million where the complaint alleged that a caseworker gave custody of a child to her mother in violation of an Immediate Danger Order signed by a judge, and the child was fatally injured while in the mother's care the same day. In *A.M. v. State of Oregon*, 21CV49361 (Or. Multnomah Cnty. Cir. Ct.), the court-approved settlement provided the plaintiff a net distribution of approximately $130,000 where the plaintiff alleged that another foster child touched her groin and buttocks over her clothing multiple times, and where the plaintiff had expressed thoughts of

Page 4 – OPINION AND ORDER
*C. v. Dep't of Hum. Servs., et al., 3:19-cv-01739-AR*

self-harm and struggled to make friends. In another case, *E.S. v. State of Oregon*, 14CV05451 (Or. Multnomah Cnty. Cir. Ct.), a three-year-old plaintiff alleged that her DHS-approved foster parent, Kimberly Vollmer, sexually abused the plaintiff by digitally penetrating her vagina while plaintiff was in Vollmer's care for approximately 14 months. She alleged that DHS left her in Vollmer's care despite eight reports of possible child abuse by Vollmer during that time. The plaintiff alleged physical trauma to her hymen in addition to emotional injury, nightmares and sleep disruption, and an inability to form close relationships. A jury awarded the plaintiff $2,050,000 in damages.

Considering the abuse allegations, the duration of the alleged abuse, and the evidence of damages in this case, the court concludes that a net distribution of $961,210.89 to K.C. is fair, reasonable, and in K.C.'s best interest.

C.    ***Filing Exhibits Under Seal***

K.C. also request that the court seal some of the exhibits accompanying her motion, because those exhibits include the full names of both her and her sister. "A plaintiff generally may proceed under initials or a pseudonym when asserting a claim based on sexual abuse or assault, especially where the plaintiff was a minor when the assault allegedly occurred." *N.S. by and through Marble v. Rockett*, 3:16-cv-2171-AC, 2017 WL 1365223, at *2 (D. Or. Apr. 10, 2017). Given the allegations of sexual abuse underlying this case, J.C. and K.C.'s interest in maintaining their anonymity outweighs any interest that the public has in viewing the exhibits. The court grants K.C.'s request to file the exhibits under seal.

\ \ \ \ \

\ \ \ \ \

Page 5 – OPINION AND ORDER
*C. v. Dep't of Hum. Servs., et al., 3:19-cv-01739-AR*

**CONCLUSION**

For the above reasons, K.C.'s motion for settlement (ECF 157) is GRANTED. K.C.'s request to file exhibits under seal is also GRANTED.

DATED: May 15, 2025

_____/s/ Jeff Armistead_____
JEFF ARMISTEAD
United States Magistrate Judge